Appellants-defendants Belden Blake Corp. ("Belden") and The Northern Ohio District of the Church of the Brethren ("church") appeal a judgment rendered in favor of appellee-plaintiff Loyd Dalton, d.b.a. Dalton Hanna Co., declaring Dalton to be the lawful owner of disputed oil and gas rights. This Court reverses.
 I.
In 1949, Coy and Irene Givens and Ralph and Iris Jones, owners of abutting land, leased the oil and gas rights in their properties to Ditch and Gerig. The lease contained a handwritten provision stating: "This agreement to be in force for two years from above date mentioned." By 1960, Ditch and Gerig had assigned their rights under the 1949 lease to Dalton. In 1967, the church obtained the Givens/Jones properties. In 1990, the church leased the oil and gas rights in these properties to Belden. Thus, Belden and Dalton obtained competing claims to the oil and gas rights in the church's property; Dalton's claims were based on the rights conveyed by the 1949 lease, and Belden's claims were based on the rights conveyed by the 1990 lease.
In 1996, Belden drilled an oil well on the church's property. Shortly thereafter, Dalton sued Belden and the church requesting declaratory relief as to the ownership of the oil and gas rights in the church's property. Belden counterclaimed for the same relief, arguing that the 1949 lease, upon which Dalton based its claims, had expired under its own terms in 1951.
In order to prove its claims, Dalton offered the testimony of Coy Givens and Ralph Jones, two of the original parties to the 1949 lease. Givens and Jones had both testified in depositions that the original parties to the 1949 lease intended that if a well was drilled within two years, the lease would continue in effect as long as the well produced oil. Belden challenged the Givens/Jones testimony, arguing that it was inadmissible parol evidence. Nevertheless, the trial court admitted the Givens/Jones testimony, concluding that parol evidence was admissible to clarify ambiguities in the 1949 lease and because Belden was a stranger to the 1949 lease.
After reviewing the evidence, the trial court found that the two year term mentioned in the 1949 lease only applied to the initial drilling of a well. The trial court concluded that the original parties to the 1949 lease intended that if a well was drilled within two years, the lease would continue in effect for as long as the well produced oil. Therefore, the trial court found that the oil and gas rights in the church's property were owned by Dalton pursuant to the 1949 lease. Belden and the church appeal.
 II.
In the appellants' first assignment of error they argue that the trial court erred in admitting the Givens/Jones testimony concerning the parties' intent in including the two-year expiration clause in the 1949 lease. The trial court admitted this testimony based on two exceptions to the parol evidence rule: (1) ambiguity in the 1949 lease and (2) the "stranger" exception. This Court finds that neither exception to the parol evidence rule properly applies.
After reviewing the 1949 lease, this Court finds nothing ambiguous about the expiration clause. The expiration clause plainly states that the 1949 lease expires after two years. The expiration clause does not conflict with any other provision of the lease and is not limited by any other clause. As such, the Givens/Jones testimony should not have been admitted based on ambiguity.
The trial court also admitted the Givens/Jones testimony based on the "stranger" exception to the parol evidence rule as set forth in paragraph one of the syllabus of Bowman v. TaxCommission of Ohio (1939), 135 Ohio St. 295:
 While parol evidence may not be received to contradict or vary the terms of a written instrument as between the parties thereto and those claiming under them, such evidence is admissible when otherwise competent in controversies between strangers to the instrument, or between a stranger and a party thereto.
Citing Bowman, the trial court concluded that Belden was a stranger to the 1949 lease; therefore, Dalton could use parol evidence to explain what the parties intended in including the two-year expiration provision.
However, some jurisdictions have limited the stranger exception by holding that the parol evidence rule may be invoked by "all whose rights stem from or depend upon the instrument, even though they were not parties to it." 29(A) American Jurisprudence 2d (1994) 555, Evidence, Section 1096. See, also, 32(A) Corpus Juris Secundum (1996) 495, Evidence, Section 1143 (stating that "persons claiming or asserting rights, interests, or benefits under the instrument or rights originating in the writing or the relation established thereby" can claim the protections of the parol evidence rule). See,e.g., Bowman, supra (relying on parol evidence concerning the nature of an insurance and annuity contract to determine whether the tax commissioner had erred in calculating the appropriate amount of taxable income derived from that contract). Therefore, when a stranger attempts to assert rights stemming from or depending upon a written instrument, the parol evidence rule still applies. In this case, the rights claimed by Belden stem from and depend upon the expiration of the 1949 lease — Belden claims to have obtained the oil and gas rights from the church, who allegedly purchased those rights from the previous owners, who allegedly obtained those rights when the 1949 lease expired. Therefore, the Givens/Jones testimony should not have been admitted on this basis either.
Because the Givens/Jones testimony should not have been admitted into evidence, this Court's analysis is restricted to the language contained in the 1949 lease. As noted above, the language contained in the 1949 lease clearly caused it to expire in 1951 and failed to include any provisions for an extension of time. If the parties had intended to extend the lease term based on the drilling of a well and the production of oil, they should have included language to that effect. Therefore, Dalton has no claim to the oil and gas rights in the church property and Belden was entitled to judgment on its counter-claim. Appellants' first assignment of error is well taken.
 III.
This Court's disposition of appellants' first assignment of error renders their remaining assignments of error moot.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Wayne, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee Loyd Dalton.
Exceptions.
 ------------------- DONNA J. CARR FOR THE COURT
BAIRD, P. J., DICKINSON, J., CONCUR